PORTER JETT ET AL. *v.* ELIJAH JETT ET AL.

**Vendor and Purchaser—Contract Between Father and Son.**
> The evidence was held insufficient to show the existence of a contract between a father and son so as to divest third parties of their title to the land in question.

APPEAL FROM BRACKEN CIRCUIT COURT.

February 6, 1874.

OPINION BY JUDGE PRYOR:

We concur in the opinion rendered by the court below that there is no such evidence of the existence of a contract between the

father and son, as would authorize the chancellor to divest the appellees of their title to the land in controversy. A contract in parol is alleged to have been made in the year 1858, by which the father disposed of nearly the whole of his estate to the appellants, with the power in the latter to distribute what may be left, or the amount with which he is to be charged, viz: two thousand dollars, between his other children, the evidence offered in support of it, conducing rather to create a nuncupative will than a contract, but falling far short of making it either. The declarations of the father made at various times from 1858 up to his death, to his neighbors, as to the disposition he had made of his land and what he intended to do for his son, are relied on as sufficient to defeat the claim of the appellees, and sustain the alleged contract. Such character of proof can scarcely be held as sufficient to deprive the administrator of the intestate of the most trifling article of personal estate. The whole testimony indicates that the son derived as much benefit from the use of the farm as the father did from his kindness and attention. This case evidences the necessity for requiring such contracts to be in writing.

Judgment affirmed.

*Wadsworth, B. G. Willis, for appellants.*

*J. Q. Ward, for appellees.*